Common Pleas Court of Hamilton County.

IN RE REGISTERED CERTIFICATE OF TITLE NO. 2018 ISSUED JULY 18, 1927 TO WILLIAM SULLIVAN.

Decided February 15, 1928.

*Kunkel & Kunkel,* and *Chas. T. Coppock,* for the applicant.

*John D. Ellis,* city solicitor; *Ralph A. Kreimer,* and *Milton H. Schmidt,* assistant city solicitors, for the city of Cincinnati.

*Alfred Bettman, amicus curiae.*

MORROW, J.

William M. Sullivan owns certain registered property

in Cincinnati. He has applied for a new registration certificate, in view of his having subdivided said property.

His application is pursuant to Section 8572-24, General Code, which provides in part:

"An owner who subdivides a tract of registered land into lots shall file with the clerk of the court a plan thereof, when applying for a new certificate or certificates, and the court, before ordering the same to be issued, shall cause the plan to be certified and filed with the recorder and recorded, and require that all boundaries, streets and passage ways shall be distinctly and accurately delineated thereon."

The city of Cincinnati has intervened and sets forth that it is a charter city, has a city planning commission, and that the said commission has adopted a plan for major streets and thoroughfares and parks * * * and other open grounds of said city.

The city states further that its planning commission has not approved the plat (or plan) of subdivision sought to be recorded through order of this court, and asks the court to dismiss the application for a new certificate setting forth applicant's "plan of subdivision," which shows sixty-four lots and certain streets and passageways that are expressly designated "for exclusive use of owners in said subdivision, and are not public streets."

The city claims that Section 3586-1 controls, and that this court should deny application because said section provides:

"Whenever a city planning commission of any city shall have adopted a plan for the major streets or thoroughfares and for the parks and other open public grounds of said city, or any part thereof, or for the territory within three miles of the corporate limits thereof * * * then no plat of the subdivision of land within said city, or part thereof * * * shall be recorded until it has been approved by such city planning commission and such approval be endorsed in writing on the plat."

The plan or plat which applicant seeks to have recorded in this case has not been approved by the city of Cincinnati and the land so designated is within the limits of said city.

Applicant says that Section 3586-1 has no bearing on this application.

Applicant has not questioned the constitutionality of Section 3586-1, nor its reasonableness. He denies that it covers and refers to the subdivisional property he seeks to re-register, for the reason that his plan of subdivision shows no property sought to be dedicated to the city for street or other public uses. He says he is proceeding under Section 8572-24.

The city urges that Section 3586-1 is, as its exact language indicates, all-inclusive of plats of subdivisions sought to be recorded, and that by said statute cities are vested with the right to demand that all subdivision plats, within the limits of the city, sought to be recorded, shall bear the approval of the City Planning Commission.

The applicant says first that Section 3586-1 speaks of a "plat" of a subdivision, whereas Section 8572-24 speaks of the "plan." In this connection we note that Section 8572-24 says:

"An owner who subdivides a tract of registered land into lots * * * and the court shall cause the plan, etc."

This objection is not well taken. The words "plat of the subdivision" as used in Section 3586-1, and "plan" as used in Section 8572-24, are synonomous terms, and the proposed "plan" of subdivision in this case is a "plat" of the subdivision.

Applicant's second objection to the city's invocation of Section 3586-1 is that said section should be read in connection with the statutes that preceded it and which accompanied it in its passage through the legislature. He states that if so read and interpreted, the provisions of Section 3586-1 will be found to refer only to subdivisions wherein streets and passageways are dedicated to the city.

The opinion of the prosecuting attorney in this connection speaks of "public" and "private" subdivisions, though we find no such distinction expressly set forth in our statutes. Subdivisions are "private subdivisions," and the dedication of the streets on a plat does not of itself make

the streets, nor the subdivision including the streets "public" in any sense. We mean that the lots, and the indicated streets on the plat of subdivisions are all private property until the city formally accepts the dedication of the streets, as distinguished from formally affirming the plat of subdivision layout. Whether dedicated or not, the streets are private until so accepted.

However, the argument of the applicant is as follows:

Every section referring to plats and subdivisions, for instance, 4346, *et al*, and 3584, 3585, 3588, *et al.*, indicates that the legislature in Section 3586-1 is talking about subdivisions wherein streets are dedicated to the public. Therefore, when the Legislature says in Section 3586-1— "no plat of a subdivision * * * shall be recorded," it means no plat of a subdivision wherein streets have been dedicated to the public.

The canons of construction of statutes in Ohio dictate that "all acts relating to the same subject matter shall be construed together."

See *State* v. *Jones*, 68 O. S., 453; *Skillman* v. *State*, 93 O. S., 222.

Also that "all sections of an act must be considered together in determining the meaning of any doubtful provision." See *State* v. *Schober*, 96 O. S., 568.

However, we do not think that this is a doubtful provision. "No plat" means "not any plat," and we are not justified in interpreting the words "no plat" to mean "no plat wherein the streets are indicated as dedicated to public uses."

As far as the preceding statutes are concerned, if we regard Sections 3586-1 as a culmination of restrictive legislation concerning the subject of plats or plans of subdivisions, rather than as an incidental measure, the logical interpretation (admitting the force of applicant's arguments that the statutes in question are all in *pari materia*) is that "no plat" means "no plat," without any qualification.

Section 3586-1 does not refer to the older sections adverted to by applicant, and it deals with many matters

other than streets, such as lot sizes, population, congestion, etc. It seems intended to regulate subdivisions in view of modern municipal problems of traffic, health, safety, and the co-ordination of streets.

The argument was further made by applicant that Section 3588 fixes penalties for the violation of 3586-1; that it is an accompanying statute and governs the interpretation of 3586-1.

Section 3588 does not provide a penalty for the violation of 3586-1, as a cursory reading will disclose.

There is no direct connection between the two statutes and they have entirely different subject matters.

Section 3588 penalizes the sale of lots shown on unrecorded plat whereon "certain areas are indicated as for the use of the public for streets or other public grounds." It obviously is intended to prevent the commission of fraud by owners of subdivisions seeking to sell their property.

Section 3586-1 has reference to the public duties of the council of planning commissions of cities and other public officials of our cities. The fact that Section 3588 is limited in application to plats of subdivisions with dedicated streets, and that Section 3586-1 refers to "plat of a subdivision" without qualification, indicates to the court that the legislature had the distinction in mind between the two sorts of subdivisions, and consciously passed 3586-1 with the intent to include both sorts of plats of subdivisions.

The penalties upon the county recorder fixed by Section 3587, General Code, apply to the situation presented by this cause.

The further argument, that the latter part of Section 3588, "this section as herein amended shall not apply to a plat of a subdivision on which all areas indicated as streets or open grounds are expressly indicated as for the exclusive use of abutting or other owners in said subdivisions and not as public streets, ways or grounds," is important, we cannot follow. It is said that the words "this section" refer to Section 3588 and equally to Section 3586-1, which amends and supplements it. The court can say only in this connection that when the words "this section" ap-

pear in Section 3588, they refer to that section only.

Section 8572-24 preceded 3586-1 on the statute books. By the former statute the applicant was required to obtain the approval of the court to the recording of his plan of subdivision. By the latter statute, 3586-1, the applicant must obtain the approval of the city planning commission.

The court must act in the light of all the statutes and must withhold its approval of the plat or plan (which we hold to mean and be the same) until the approval of the city planning commission shall have been obtained.

In short, when Section 3586-1 says that "no plat of subdivision of land shall be recorded" without approval of the city planning commission, the court will withhold its approval of a plat until said section shall have been complied with.

Section 3586-1 is a later statute than 8572-24, and it is our conclusion that when it says "no plat of a subdivision," it refers to "plan" referred to in Section 8572-24.

Application to order plat of subdivision certified by the clerk and filed with and recorded by the recorder in records of surveys of registered lands, and for further order of new certificate of title to be issued by the recorder, is denied.